IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC
MAY 29 2013
US District Court
Western District of NC

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-82, CONTROLLING A COMPUTER BOTNET THEREBY INJURING MICROSOFT AND ITS CUSTOMERS,<br><br>Defendants. | FILED UNDER SEAL<br><br>Civil Action No. 3:13cv319<br><br>**BRIEF IN SUPPORT OF MICROSOFT'S MOTION FOR LEAVE TO EXCEED PAGE LIMITS FOR ITS BRIEF IN SUPPORT OF *EX PARTE* APPLICATION OF MICROSOFT FOR AN EMERGENCY RESTRAINING ORDER, SEIZURE ORDER, AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

In support of its Motion for Leave to Exceed Page Limits for its Brief In Support Of *Ex Parte* Application of Microsoft For an Emergency Restraining Order, Seizure Order, and Order To Show Cause Re Preliminary Injunction (the "Motion to Exceed Page Limits"), Plaintiff Microsoft Corp. ("Microsoft"), by counsel, submits the following memorandum.

## BACKGROUND

Microsoft has filed a Complaint and an *Ex Parte* Application for an Emergency Temporary Restraining Order, Seizure Order, and Order to Show Cause re Preliminary Injunction ("TRO Motion") to prevent the activities of Defendants John Doe Defendants 1 through 82 (collectively "Defendants") engaged in harmful and malicious Internet activities directed at Microsoft, its customers, and the general public. In accordance with Local Rule 7.1(C), Microsoft filed a Brief In Support Of *Ex Parte* Application of Microsoft for an

MEMORANDUM RE MOTION FOR A
PROTECTIVE ORDER TEMPORARILY SEALING
DOCUMENTS

Emergency Restraining Order, Seizure Order, and Order to Show Cause Re Preliminary Injunction (the "Supporting Brief"). Because of the complexity of the issues presented, Microsoft was unable to comply with the 25-page limit on briefs set forth in Local Rule 7.1(D). Microsoft's Supporting Brief is 64 pages.

Under normal circumstances, Microsoft would have filed its Motion to Exceed Page Limits well in advance of the filing of its Supporting Brief. Because of the urgent nature of its TRO Motion, however, Microsoft is filing this Motion contemporaneously with its Supporting Brief. Microsoft respectfully requests that the Court grant it leave to exceed the page limits and asks that the Court consider its Supporting Brief in its entirety.

## **ARGUMENT**

This Court may, in its discretion, grant leave to a party to exceed the 25-page limit established by this Court in Local Rule 7.1(D) and consider the party's brief in its entirety. *See Jeffries v. U.S.*, 2010 U.S. Dist. LEXIS 120057, at *1 (W.D.N.C. Oct. 25, 2010) (granting motion to exceed the page limitation and considering petitioner's brief in its entirety). Here, because of the substantial public interest involved, Microsoft believes it is critical to fully describe the extensive factual predicate for its Motion.

Microsoft is submitting extensive evidence in support of its TRO Motion that must be set forth in detail in its Supporting Brief. In particular, Microsoft is submitting declarations and other evidence related to the following: (1) the tactics used by Defendants to commit bank fraud; (2) the complex criminal methodology used by Defendants to harvest and steal personal and financial information; (3) the deleterious effects of Defendants' behavior on Microsoft, its customers, and the general public; and (4) the irreparable harm suffered by Microsoft and its customers as a result of Defendants' actions. In order to fully explain the significance of this

evidence, Microsoft had to exceed the 25-page limit in its Supporting Brief.

Accordingly, Microsoft believes leave of the Court to exceed the 25-page limit is necessary, especially in light of the *ex parte* nature of the TRO Motion, so that Microsoft can provide the Court with the information it needs to resolve the TRO Motion.

## CONCLUSION

Therefore, for all the foregoing reasons, Microsoft requests that the Court grant it leave to exceed the page limits set forth in Local Rule 7.1(D) and asks that the Court consider its Supporting Brief in its entirety.

Dated: May 29, 2013

By: /s/ Neil T. Bloomfield
Neil T. Bloomfield
NC Bar No. 37800

Moore & Van Allen PLLC
100 North Tryon Street
Suite 4700
Charlotte, NC 28202-4003
Telephone:   +1-704-331-1084
Facsimile:   +1-704-409-5660
Email:       neilbloomfield@mvalaw.com

Of counsel:

Gabriel M. Ramsey
(*pro hac vice* application pending)
Attorney for Plaintiff Microsoft Corp.

Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
Email: gramsey@orrick.com


Jeffrey L. Cox
(*pro hac vice* application pending)
Attorney for Plaintiff Microsoft Corp.

Orrick, Herrington & Sutcliffe LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone: (206) 839-4300
Facsimile: (206) 839-4301
Email: jcox@orrick.com

- 4 -

MEMORANDUM RE MOTION FOR A
PROTECTIVE ORDER TEMPORARILY SEALING
DOCUMENTS

Case 3:13-cv-00319-GCM   Document 8-1   Filed 05/29/13   Page 4 of 5

James M. Hsiao
(*pro hac vice* application pending)
Attorney for Plaintiff Microsoft Corp.

Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Telephone: (213) 612-2449
Facsimile: (213) 612-2499
Email: jhsiao@orrick.com

Attorneys for Plaintiff